UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DIANE N. GEORGE,                :
                                :
        Plaintiff,              :
                                :
    v.                          :  Civil Action No. 01-0654 (JR)
                                :
STEPHEN L. JOHNSON,             :
Administrator, Environmental    :
Protection Agency,              :
                                :
        Defendant.              :

## MEMORANDUM ORDER

Plaintiff's motion to vacate judgment or for new trial [82] is **denied**, for the following reasons.

1. <u>Propensity evidence</u>.

Plaintiff asserts that prejudicial evidence of her performance evaluations by a previous employer was erroneously received.  The government responds that there was no error because plaintiff on direct examination "proclaimed her historic ability to get along well with co-workers and explicitly blamed the hostilities that she allegedly endured at EPA on her colleagues' inability to behave acceptably toward her."  A review of the transcript of plaintiff's testimony[1] supports only half of that rationale.  I have not found testimonly proclaiming plaintiff's historic ability to get along with co-workers.  The second part of the government's rationale – blaming others – is a fair capsule

---

[1] I have only an uncertified rough draft transcript, which is not paginated.

summary of the central point of plaintiff's testimony, but that was not testimony whose <u>credibility</u> could be tested by proof that plaintiff was unable to get along with co-workers in some previous incarnation.  Thus, I must confess error, in my sidebar ruling that personality problems noted by plaintiff's other employers might be explored on cross-examination because "it has to do with her credibility."

After reviewing all of plaintiff's testimony and considering the record as a whole, however, I have concluded that the error was harmless.

On cross-examination, the following colloquy took place:

> Q. [By Ms. Graham-Oliver] You were displeased because Ms. Brown told you to improve your attitude and interpersonal relationships.  Isn't that correct?
> A.  I was not displeased, no.
> Q.  Now, that was not the first time that you were told that you should improve your interactions with your co-workers.  In fact, when you were at PEER Consultants, they told you --
> Ms. Tsintolas: Objection.
> By Ms. Graham Oliver:
> Q. That there was a problem?
> Ms. Tsintolas: Objection.
> The Court: overruled
> By Ms. Graham Oliver:
> Q.  Isn't that true?
> A.  Oh, I'm supposed to answer the question?
> Q.  Yes.
> A.  Can you say that again, because the process, it throws me.  So can you say that again, please?
> Q.  When you were with PEER Consultants, isn't it a fact that they also told you that there was a problem with your interactions with your co-workers.
> Ms. Tsintolous: Objection.  404(a) and (b).
> The Court:  Overruled.
> The Witness:  Am I supposed to answer the question?
> The Court:  Yes, you are.
> The Witness:  What is overruled?

>     The Court:  I overruled her objection, which means
> the coast is clear for you to answer.
>     The Witness:  Okay.  I would want you to -- that
> was within a specific context if that was said, I
> would -- cannot agree that is what was said if you just
> pull that line out you would need to demonstrate the
> full context as to what you're talking about.

Government counsel then began to offer the evaluation in evidence. The jury was excused, and further argument was held.  Plaintiff's counsel moved to strike what had been read -- but it turns out, upon a review of the transcript, that nothing had been read. Further arguing the point, plaintiff's counsel asserted that the government's attempt to offer her previous evaluations was an offer of propensity evidence and not permitted by Rule 404(b).  I said

>     the government's nondiscriminatory reason for
>     discharging this plaintiff is that she was impossible to
>     get along with.  I'm overstating it, but for simplicity
>     sake that's the gist of it, I think . . . .  The
>     plaintiff's position is oh, moi?  Not difficult to get
>     along with.  Well, she has put her -- not really a
>     character, it's not really a character issue.  She has
>     put her modus operandi in issue with that argument, and
>     that's what she did on the witness stand.  It's fair
>     game for the government to cross examine her.

Plaintiff's counsel replied that she did not think it fair game for the government to use hearsay documents.  On that point, I sustained her.  I ruled that the documents reflecting previous performance evaluations (unauthenticated, not shown to be business records) could not be admitted over a hearsay objection, and I pointed out to government's counsel that she had "this problem: You ask her, isn't it true that at PEER Associates you were discharged because nobody could get along with you.  If she answers no, you're

- 3 -

stuck with her answer.  So [it] seems to me there's peril for both sides here."

First thing the next morning, ignoring her peril, government counsel asked the plaintiff, "Isn't it a fact, Miss George, that PEER Consultants concluded that your people skills needed improvement when they did the evaluation?"  Plaintiff answered that she could not remember the evaluation, that it had been ten years ago, but that what she did remember was that she received two pay increases on that job.  Government counsel then asked if it wasn't a fact that, after Ms. George left the EPA and began to work for another employer, her managers there said she needed to improve her communication skills and be more receptive to other points of view and willing to accept those perspectives as well.  Plaintiff said she could not remember.

Thus, propensity evidence was actually admitted. Certainly the jury heard the suggestion that plaintiff had exhibited personality problems in other employment both before and after her tenure at EPA, but plaintiff did not or would not confirm it, asserting instead that she had been given pay raises, and (on redirect) that the same employer who allegedly found personality problems also gave her a favorable recommendation for future employment.  And, of course, the jury was instructed that a lawyer's question that contains an assertion of a fact does not provide evidence of that fact.

2.  Jury instruction.

Plaintiff objects to the instruction that it was not the jury's function "to decide whether or not Ms. George told the truth to Mr. Kelly. The question is whether [the jury] believed that Mr. Kelly believed that Ms. George was lying." The objection is overruled.[2] As the government correctly notes, that instruction exactly mirrors that language of George v. Levitt, 407 F.3d 405, 415-16 (D.C. Cir. 2005), which is the Court of Appeals' decision in this very case. If and to the extent plaintiff's objection is to the words preceding that instruction -- "In view of the emphasis that has been placed upon Ms. Kelly's finding that Ms. George was untruthful" -- the only basis for such an objection that I can divine (although not so stated in plaintiff's motion) is that those words commented upon the evidence or indicated my own views. The jury was, however, given standard Bluebook instruction number 1.9, "jury not to take cue from judge," which was sufficiently curative, if cure was needed.

JAMES ROBERTSON
United States District Judge

---

[2] The government's objection that this objection is untimely or that it was waived is itself overruled. Plaintiff's counsel did not hear the instruction in its final form until it was read to the jury.